EDUARDO MARÍN MARIÉN, demandante y apelado *v.* ALFONSO HERRERA, demandado y apelante.

Núm. 8938.—*Sometido:* Noviembre 9, 1944. *Resuelto:* Diciembre 13, 1944.

*Eduardo Pérez Casalduc,* abogado del apelante; *Luis Mercader,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda radicada en este caso, el demandante alega que es dueño de una finca rústica, la cual colinda por el este con la finca del demandado; que al norte de la finca del demandante nace un arroyo o quebrada, cuyas aguas corren por terrenos del demandante "y van descendiendo, ladeando el poniente de sus terrenos hasta arribar al sudoeste, donde siguen discurriendo sus aguas siempre hacia el sud, en lindes con Juan Palop". En un punto al sud de la finca del peticionario y al norte de Juan Palop, el demandado ha construído sobre el cauce de la quebrada un muro maciso de piedras, de una altura como de medio metro, el que utiliza para pasar de un lado a otro de la quebrada. El muro no tiene huecos o salida para dar paso a las aguas y éstas se acorralan e inundan los terrenos, dañando las plantaciones y frutos del demandante y dando lugar a que en las aguas estancadas se formen criaderos de mosquitos que causan enfermedades a la familia y trabajadores del peticionario. Alega el demandante que la continuación del estorbo creado por el demandado le causará daños irreparables y le ocasionará multiplicidad de pleitos y disgustos. Solicita se dicte una sentencia ordenando al demandado que proceda a demoler las obras por él realizadas y a dejar que las aguas de la quebrada discurran libremente por su cauce.

Negó el demandado los hechos esenciales de la demanda y alegó en contrario que la obra realizada por él "se concretó a hacer servible mediante un relleno de piedras, en el cauce de la quebrada que lo atraviesa, un camino público que utilizó el demandado y otros propietarios para llevar los productos de sus respectivas fincas al mercado".

Visto el caso en sus méritos, la corte inferior declaró que de la prueba practicada resultó que al tiempo de presentarse la demanda, el demandado había obstruído la quebrada colocando piedras de manera que formaban un muro de contención, represando las aguas e inundando terrenos del demandante; que en la fecha en que se celebró el juicio ya no existía la obstrucción y sólo quedaban algunas piedras a los lados de la quebrada, sin que hubiera peligro de inundación; y que aun cuando el estorbo ya ha cesado práticamente, el demandante tiene derecho a una sentencia a su favor para evitar que el demandado vuelva a obstruir el curso de las aguas y para que el demandante pueda recobrar las costas en que ha incurrido. La corte inferior dictó el *injunction* solicitado y condenó al demandado al pago de las costas, más $50 para honorarios de abogado.

En apoyo de su recurso, el demandado apelante alega que la corte inferior erró al decretar un injunction cuando el estorbo de que se quejaba el demandante ya había sido removido por las crecientes que hicieron las aguas de la quebrada y no existía en la fecha en que se celebró la vista del caso.

No erró la corte inferior al decretar el injunction. La evidencia presentada por el demandante y creída por la corte sentenciadora demostró que el muro de piedras que obstruía el libre curso de las aguas fué construído por el demandado; que en varias ocasiones anteriores, cuando la creciente se llevó el muro, el demandado volvió a levantarlo; y que si el muro no existía y las aguas no estaban represadas en la fecha del juicio, no fué porque el demandado removiera

el muro y las basuras que utilizaba para represar las aguas y sí porque una creciente ocurrida con posterioridad a la demanda y antes del juicio se los llevó.

El hecho de que·el demandado sea dueño del terreno en ambos lados del sitio en que construyó el muro, no le autoriza para construir obras que puedan variar el curso natural de las aguas con perjuicio de tercero. Los dueños de predios vecinos, como lo es el demandante en este caso, tienen derecho a exigir que las aguas sigan su curso natural, de acuerdo con la antigua máxima "aqua currit et debet currere ut currere solebat", la cual ha sido incorporada a nuestro derecho por las secciones 31, 33, 52 y 53 de la Ley de Aguas, Compilación de 1941, págs. 166 y 167.

*La sentencia recurrida debe ser confirmada.*